ARENT FOX LLP
Antoinette Waller (SBN 152895)
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
Telephone: (213) 629-7400
Facsimile: (213) 629-7401
E-mail: waller.antoinette@arentfox.com

Anthony V. Lupo (*pro hac vice* pending)
Randall A. Brater (SBN 211140)
1050 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 857-6000
Facsimile: (202) 857-6395
E-mail: lupo.anthony@arentfox.com
E-mail: brater.randall@arentfox.com

Attorneys for Defendant
THE HEBREW UNIVERSITY OF
JERUSALEM

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN EINSTEIN, et al., | Case No.  CV-07-2171 MMM (SSx) |
| Plaintiff, | **THE HEBREW UNIVERSITY OF JERUSALEM'S  ANSWER TO THE SECOND AMENDED COMPLAINT AND COUNTERCLAIM** |
| v. | |
| THE BABY EINSTEIN COMPANY LLC, et al., | |
| Defendants. | **DEMAND FOR JURY TRIAL** |
| THE HEBREW UNIVERSITY OF JERUSALEM | |
| Counterclaimant, | |
| v. | |
| BENJAMIN EINSTEIN, an individual; EINSTEIN COSMETICS LLC, a California limited liability company; EINSTEIN COSMETICS, LTD., a California corporation, | |
| Counterdefendants. | |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/585541.1

Defendant The Hebrew University of Jerusalem ("HUJ") by and through its attorneys, for its answer and affirmative defenses to the claims of plaintiffs Benjamin Einstein, Einstein Cosmetics LLC and Einstein Cosmetics, Ltd. (collectively, "Plaintiffs") made in the Second Amended Complaint, makes the following answers, statements and allegations.  Except as hereinafter expressly admitted, qualified or otherwise answered, HUJ denies each and every allegation and assertion in the Second Amended Complaint.

1.     HUJ admits that Plaintiffs purport to assert claims against defendant Baby Einstein Company, LLC for violation of 15 U.S.C. § 1051 and Cal. Bus. & Prof. Code § 17200 and that Plaintiffs seek damages and injunctive relief in connection with those claims.  HUJ denies all remaining factual allegations of paragraph 1.

2.     HUJ admits that Plaintiffs state they seek a declaratory judgment pursuant to 28 U.S.C. §2201.  HUJ denies all remaining factual allegations of paragraph 2.

### THE PARTIES

3.     HUJ denies knowledge or information sufficient to form a belief as to the allegations of paragraph 3 and therefore denies same.

4.     HUJ admits that it is a not-for-profit corporation organized under the laws of Israel, that it owns publicity rights in the name and person of Dr. Albert Einstein ("Einstein Rights"), and that it has extensively licensed the Einstein Rights to numerous well-known companies around the world including The Baby Einstein Company, LLC.  HUJ also admits to having previously filed a lawsuit in this District based on its ownership of the Einstein Rights.  To the extent the allegations of paragraph 4 relate to a defendant other than HUJ, HUJ is without knowledge or information sufficient to form a belief as to those allegations and therefore denies same.  HUJ denies all remaining allegations of paragraph 4.

5.     Paragraph 5 contains legal conclusions to which no responses are

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

ANSWER TO 2ND AMENDED COMPL.
CV-07-2171 MMM (SSX)

TECH/585541.1

necessary. To the extent the remaining allegations relate to Plaintiffs' belief or intended future action, HUJ is without knowledge or information sufficient to form a belief as to those allegations and therefore denies same.

## JURISDICTION AND VENUE

6.     Paragraph 6 contains legal conclusions to which no responses are necessary. HUJ admits that this Court has subject matter jurisdiction over the claims asserted in the Second Amended Complaint. Any factual allegations are denied. To the extent that the allegations relate to a defendant other than HUJ, HUJ is without knowledge or information sufficient to form a belief as to those allegations and therefore denies same.

7.     Paragraph 7 contains legal conclusions to which no responses are necessary. Any factual allegations are denied. To the extent that the allegations relate to a defendant other than HUJ, HUJ is without knowledge or information sufficient to form a belief as to those allegations and therefore denies same.

## BACKGROUND FACTS

8.     HUJ denies knowledge or information sufficient to form a belief as to the allegations of paragraph 8 and therefore denies same.

9.     HUJ denies knowledge or information sufficient to form a belief as to the allegations of paragraph 9 and therefore denies same.

10.     HUJ admits that an applicant identified as Einstein Cosmetics, Ltd. filed a federal trademark application for the mark EINSTEIN (U.S. Ser. No. 78/844,895). HUJ denies knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 10 and therefore denies same.

11.     HUJ denies the allegations of paragraph 11.

12.     HUJ admits that an applicant identified as The Baby Einstein Company, LLC filed federal trademark applications for the marks BABY EINSTEIN (U.S. Ser. No. 78/604,278) and LITTLE EINSTEINS (U.S. Ser. No. 78/680,089). HUJ denies knowledge or information sufficient to form a belief as to

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/585541.1

ANSWER TO 2ND AMENDED COMPL.
CV-07-2171 MMM (SSX)

the remaining allegations of paragraph 12 and therefore denies same.

13.   HUJ denies knowledge or information sufficient to form a belief as to the first sentence of paragraph 13 and therefore denies same.  HUJ denies all remaining allegations of paragraph 13.

14.   HUJ admits that Plaintiffs filed the original complaint in this action on April 3, 2007.  HUJ was not named as a party to the original complaint and is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 14.

15.   HUJ admits filing a request, by and through the law firm of Arent Fox LLP, for an extension of time to file an opposition against the registration of that trademark application, Serial No. 78/844,895 concerning an EINSTEIN mark.  To the extent the remaining allegations in paragraph 15 are factual and/or relate to a defendant other than HUJ, HUJ denies knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 15 and therefore denies same.

16.   HUJ admits filing a notice of opposition against the federal registration of that trademark application, Serial No. 78/844,895 concerning an EINSTEIN mark.  Except as otherwise admitted, HUJ denies the remaining allegations of paragraph 16.

17.   HUJ admits that it has provided Defendant Baby Einstein with an exclusive license to use the LITTLE EINSTEINS and BABY EINSTEIN marks.  HUJ further admits that HUJ is the owner of the Einstein Rights and EINSTEIN and ALBERT EINSTEIN marks.  To the extent that the remaining allegations are factual and/or relate to persons or entities other than HUJ, HUJ denies knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 17 and therefore denies the same.

18.   To the extent the allegations of paragraph 18 state what Plaintiffs contend HUJ is without knowledge or information sufficient to form a belief as to those allegations and therefore denies same.  HUJ denies all remaining allegations

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

ANSWER TO 2ND AMENDED COMPL.
CV-07-2171 MMM (SSX)

TECH/585541.1

in paragraph 18.

## FIRST CAUSE OF ACTION

## FEDERAL TRADEMARK INFRINGEMENT

19. HUJ repeats, realleges and incorporates by reference the statements of paragraphs 1 through 18 above as if fully set forth herein.

20. Paragraph 20 consists of legal conclusion to which no response is necessary.

21. HUJ denies the allegations of paragraph 21.

22. The first sentence in paragraph 22 relates to a defendant other than HUJ, and HUJ is without knowledge or information sufficient to form a belief as to those allegations and therefore denies same.  HUJ denies all remaining allegations of paragraph 22.

23. Paragraph 23 contains legal conclusions to which no responses are necessary.

24. As to Plaintiffs' intent, HUJ denies knowledge or information sufficient to form a belief as to the allegations of paragraph 24 and therefore denies same.  HUJ denies all remaining allegations in paragraph 24.

25. HUJ denies the allegations of paragraph 25.

26. HUJ denies the allegations of paragraph 26.

27. HUJ denies the allegations of paragraph 27.

## SECOND CAUSE OF ACTION

## COMMON LAW TRADEMARK INFRINGEMENT

28. HUJ repeats, realleges and incorporates by reference the statements of paragraphs 1 through 27 above as if fully set forth herein.

29. Paragraph 29 contains a legal conclusion to which no response is necessary.

30. There are no federal registrations identified in the Second Amended Complaint as owned by Einstein Cosmetics and therefore HUJ denies the

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

ANSWER TO 2ND AMENDED COMPL.
CV-07-2171 MMM (SSX)

TECH/585541.1

allegations in paragraph 30 referring to such registrations.  To the extent allegations in paragraph 30 are conclusions of law, no response is necessary.  HUJ denies all remaining allegations in paragraph 30.

31.     HUJ denies the allegations of paragraph 31.

32.     HUJ denies the allegations of paragraph 32.

## THIRD CAUSE OF ACTION

## UNFAIR COMPETITION UNDER STATE LAW

33.     HUJ repeats, realleges and incorporates by reference the statements of paragraphs 1 through 32 above as if fully set forth herein.

34.     Paragraph 34 contains a legal conclusion to which no response is necessary.

35.     HUJ denies the allegations of paragraph 35.

36.     HUJ denies the allegations of paragraph 36.

37.     HUJ denies the allegations of paragraph 37.

38.     HUJ denies the allegations of paragraph 38.

39.     HUJ denies the allegations of paragraph 39.

40.     HUJ denies the allegations of paragraph 40.

## FOURTH CAUSE OF ACTION

## DECLARATORY JUDGMENT THAT EINSTEIN COSMETICS

## DOES NOT INFRINGE ANY TRADEMARK RIGHT OF HUJ

41.     HUJ repeats, realleges and incorporates by reference the statements of paragraphs 1 through 40 above as if fully set forth herein.

42.     Paragraph 42 consists of a legal conclusion to which no response is necessary.

43.     Paragraph 43 consists of a legal conclusion to which no response is necessary.

44.     Paragraph 44 requires no response as it is a statement of Plaintiffs' belief.  HUJ denies all remaining allegations of paragraph 44.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

ANSWER TO 2ND AMENDED COMPL.
CV-07-2171 MMM (SSX)

TECH/585541.1

45. HUJ denies the allegations of paragraph 45.

46. HUJ denies the allegations of paragraph 46.

## FIFTH CAUSE OF ACTION

## DECLARATORY JUDGMENT THAT EINSTEIN COSMETICS DOES NOT INVADE ANY RIGHT OF PUBLICITY OF HUJ

47. HUJ repeats, realleges and incorporates by reference the statements of paragraphs 1 through 46 above as if fully set forth herein.

48. Paragraph 48 contains a legal conclusion to which no response is necessary.

49. Admitted.

50. Paragraph 50 requires no response as it is a statement of Plaintiffs' belief. HUJ denies all remaining allegations of paragraph 50.

51. HUJ denies the allegations of paragraph 51.

52. HUJ denies the allegations of paragraph 52.

## PRAYER FOR RELIEF

HUJ denies all allegations contained in Plaintiffs' prayer for relief and specifically denies that Plaintiffs are entitled to any relief whatever.

## AFFIRMATIVE DEFENSES

Further answering the Second Amended Complaint, HUJ asserts the following affirmative defenses. HUJ reserves the right to amend its Answer with additional defenses as further information is obtained.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Second Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the equitable doctrine of unclean hands as Plaintiffs have acted fraudulently with regard to their attempt to register the EINSTEIN mark alleged by Plaintiffs.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -

ANSWER TO 2ND AMENDED COMPL.
CV-07-2171 MMM (SSX)

TECH/585541.1

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, as HUJ and/or its licensees have priority of usage of the subject marks over Plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs possess no trademark rights in the mark EINSTEIN as it is primarily merely a surname and Plaintiffs have not established secondary meaning.

## COUNTERCLAIM

Defendant and counterclaimant, The Hebrew University of Jerusalem ("HUJ"), by and through counsel, hereby counter complains against plaintiffs and counter-defendants Benjamin Einstein, Einstein Cosmetics LLC and Einstein Cosmetics, Ltd. (collectively, "Einstein Cosmetics") as follows:

## THE PARTIES

1.    HUJ is a not-for-profit corporation organized and existing under the laws of Israel, with an address at Givat Ram, P.O. Box 34165, Jerusalem 91341, Israel.

2.    Upon information and belief, counter-defendant Benjamin Einstein is an individual resident of California and a United States Citizen.

3.    Upon information and belief, counter-defendant Einstein Cosmetics LLC is a California limited liability company with its principal place of business in Los Angeles, California, and counter-defendant Benjamin Einstein is the principal of Einstein Cosmetics LLC.

4.    Upon information and belief counter-defendant Einstein Cosmetics, Ltd. is a California corporation with its principal place of business in Los Angeles, California, and counter-defendant Benjamin Einstein is the principal of Einstein

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

ANSWER TO 2ND AMENDED COMPL.
CV-07-2171 MMM (SSX)

TECH/585541.1

Cosmetics, Ltd.  HUJ is further informed and believes that Einstein Cosmetics, Ltd. is subject to dissolution under the terms of a prior settlement agreement entered into in connection with that related underlying action entitled, *Benjamin Einstein et al. v. Lawrence Turner, et al. and related cross-claims*, Los Angeles Superior Court action Case No. BC356566.

## JURISDICTION AND VENUE

5.    This Court has federal question jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and 1338(a) as the trademark infringement claims arise under the Federal Lanham Act, 15 U.S.C. §§ 1051, *et seq*.  Additionally, this Court has original and pendent jurisdiction pursuant to 28 U.S.C. 1338(b) and 1367 over the related state law claims.

6.    Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c).

## BACKGROUND FACTS

I.    HUJ's Einstein Rights

7.    Dr. Albert Einstein was a German-born theoretical physicist who is best known for his scientific theories including, but not limited to, his theory of relativity and unified field theory.  Dr. Einstein was the author of over fifty scientific papers as well as number of non-scientific books; he was also the 1921 winner of the Nobel Prize in Physics.

8.    Due to Dr. Einstein's success in his various endeavors, both scientific and non-scientific, he became respected, well-known, and famous.

9.    Albert Einstein, through transfer in his last will and testament, transferred all right, title and interest in any publicity rights in his name and likeness, service marks, and trademarks to HUJ.

10.    HUJ is the owner of all right, title and interest in, to and of the late, famous scientist and genius, Albert Einstein, including the publicity rights in his name and likeness, service marks and trademarks.  Albert Einstein is also known, and commonly referred to as EINSTEIN.  HUJ's publicity rights in the name and

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ANSWER TO 2ND AMENDED COMPL.
CV-07-2171 MMM (SSX)

TECH/585541.1

person of Dr. Albert Einstein are hereinafter referred to as the "Einstein Rights."

11.    HUJ has extensively licensed the Einstein Rights, service marks and trademarks to numerous well-known companies around the world, including Apple Computer, Bell Atlantic, Citibank, Columbia Pictures, Daimler-Chrysler, Dell Computers, Deloitte Touches, Disney, Dow Jones & Company, Eastman Kodak, Einstein Noah Bagel Corp., Epson, France Telecom, GMC, Hyundai Motor Company, IBM, Intel Corporation, Johnson & Johnson, Kraft Foods, LegoLand, Mars, Microsoft, NASA, National Geographic, Nikon, Panasonic, Pfizer Pharmaceuticals, Saab, Sony Corporation, Unilever, Universal Studios, Warner Bros., Xerox, and many others.

12.    This breadth of licensing across various classes of goods and services resulted in Forbes Magazine ranking Albert Einstein as the 5th highest earning deceased celebrity.

13.    The name and mark ALBERT EINSTEIN has been used by those licensed or otherwise authorized by HUJ on or in connection with a broad variety of goods and services prior to Einstein Cosmetics' filing applications to register EINSTEIN, EINSTEIN LIP THERAPY and EINSTEIN LIP THEORY marks.

II.    HUJ's Trademarks

14.    HUJ owns numerous EINSTEIN and EINSTEIN formative marks (hereinafter "Einstein marks"), including, *inter alia*, U.S. Registration No. 2,599,880 for THE ULTIMATE EINSTEIN in connection with "interactive educational CD-ROMs, in the field of history, sold individually and together as a unit with history books and instructional manuals therefore" in International Class 9; and U.S. Registration No. 1,479,104 for EINSTEIN in connection with "providing access to an online computer database for use by high school students and teachers" in International Class 42.  HUJ's exclusive right to use its marks is evidenced by these registrations.  The registrations are valid, subsisting and provide prima facie evidence of HUJ's exclusive right to use the marks in commerce.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 10 -

ANSWER TO 2ND AMENDED COMPL.
CV-07-2171 MMM (SSX)

TECH/585541.1

15.    Einstein Cosmetics' applied-for EINSTEIN mark is confusingly similar to HUJ's Einstein marks and the applied-for services are related to goods and services of HUJ and/or its licensees, or to goods and services into which HUJ intends to expand into, or in connection with which consumers will believe HUJ has expanded.

16.    Einstein Cosmetics' applied-for mark wholly incorporates HUJ's EINSTEIN mark and connotes an affiliation or connection to Albert Einstein.

17.    Due to the enormous and longstanding fame of the late scientist and genius named ALBERT EINSTEIN, including the licensed and otherwise authorized use of the names and marks ALBERT EINSTEIN and EINSTEIN in connection with a broad variety of goods and services, Einstein Cosmetics' applied-for EINSTEIN mark falsely suggests a connection, association or sponsorship with HUJ.

18.    Since prior to Einstein Cosmetics' filing date and use, if any, of EINSTEIN, the names and marks ALBERT EINSTEIN and EINSTEIN have become associated with HUJ, such that Einstein Cosmetics' alleged EINSTEIN mark, when used in connection with the applied-for goods are likely to confuse the consuming public to believe that Einstein Cosmetics' goods are authorized, sponsored, licensed or controlled by HUJ, or are in some way, related to HUJ.

19.    Since long prior to the filing date of Einstein Cosmetics' application, HUJ has used its marks in connection with the sale and advertising of its goods and/or services.

20.    HUJ has used and advertised its marks over a period of many years and, thus, the marks have become well known and famous among prospective purchasers as a distinctive indicator of the origin of HUJ's goods and services.

III.    Einstein Cosmetics' Infringing Marks and Activity

21.    Upon information and belief, Einstein Cosmetics has filed federal trademark applications for EINSTEIN (U.S. Ser. No. 78/844,895), EINSTEIN LIP

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/585541.1

- 11 -

ANSWER TO 2ND AMENDED COMPL.
CV-07-2171 MMM (SSX)

THERAPY (U.S. Ser. No. 78/903,602) and EINSTEIN LIP THEORY (U.S. Ser. No. 78/844,910), each for use on lip balm and lip cream.

22.    Upon information and belief, on September 8, 2006, the United States Patent and Trademark Office ("PTO") issued an Office Action refusing registration to Einstein Cosmetics' applied for EINSTEIN mark based on the ground the proposed mark is primarily merely a surname.

23.    Upon information and belief, on March 19, 2007, the PTO issued a Final Refusal of Einstein Cosmetics' applied for EINSTEIN LIP THERAPY mark based on a finding that the applied for mark is likely to be confused with other registered marks.  The Final Refusal followed the PTO's earlier original refusal of registration on the same grounds in an Office Action of September 9, 2006. Einstein Cosmetics thereafter abandoned the EINSTEIN LIP THERAPY application.

24.    Upon information and belief, on September 8, 2006, the PTO issued an Office Action regarding Einstein Cosmetics' applied for EINSTEIN LIP THEORY mark, noting there may be a likelihood of confusion between the applied for mark and a prior pending application.  Einstein Cosmetics thereafter abandoned the EINSTEIN LIP THEORY application.

25.    Upon information and belief, Einstein Cosmetics has used, is using, and intends to continue using now and in the future the term EINSTEIN as a trademark for the sale of lip balm and lip cream in such a way as will likely cause confusion or mistake, or will likely deceive the public into believing that Einstein Cosmetics' products are affiliated with or approved by HUJ.

26.    Upon information and belief, Einstein Cosmetics has attempted and continues to attempt to associate its marks and products with Albert Einstein and to trade off the goodwill and publicity rights of Albert Einstein by, *inter alia*, representing that Einstein Cosmetics' lip balm is the "smarter way" to care for lips, from the "ingenious" mind of counter-defendant Benjamin Einstein and that

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 12 -

ANSWER TO 2ND AMENDED COMPL.
CV-07-2171 MMM (SSX)

TECH/585541.1

Einstein Cosmetics' lip products present a "revolutionary and intelligent" method of lip care. These representations appear, for example, on Einstein Cosmetics' website addresses at einstein-beauty.com and liptheory.com.

27.    Upon information and belief, Einstein Cosmetics markets and sells its cosmetics products using the same channels of trade and to the same or a similar class of consumers as HUJ and/or HUJ's licensees.

28.    Upon information and belief, Einstein Cosmetics has adopted and is marketing and selling its lip balm and lip cream products with full knowledge of HUJ's EINSTEIN publicity rights and trademark rights in the Einstein marks and without ever seeking or obtaining HUJ's consent or authorization for such use.

29.    HUJ has filed an opposition against the registration of Einstein Cosmetics' EINSTEIN mark. The opposition proceeding has been suspended pending determination of the instant civil action.

## FIRST CAUSE OF ACTION
## FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. §1114)

30.    HUJ repeats and realleges each and every allegation contained in paragraphs 1-29 as if fully set forth herein.

31.    Without HUJ's consent, Einstein Cosmetics has engaged in the unauthorized use in commerce of marks the same as or confusingly similar to HUJ's Einstein marks in connection with the sale, offering for sale, distribution or advertising of related goods and services.

32.    Einstein Cosmetics' unauthorized use of the EINSTEIN mark is likely to cause confusion, or to cause mistake, or to deceive the public, in violation of Lanham Act §32(1), 15 U.S.C. § 1114(1). Upon information and belief, Einstein Cosmetics has committed these acts with the knowledge and intent that their use and imitation of HUJ's Einstein marks would cause such confusion, deception, or mistake.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/585541.1

- 13 -

ANSWER TO 2ND AMENDED COMPL.
CV-07-2171 MMM (SSX)

33.    HUJ has priority over Einstein Cosmetics in its use of the EINSTEIN mark.

34.    By reason of Einstein Cosmetics' willful infringement and threatened future infringement of marks confusingly similar to HUJ's Einstein marks, HUJ has sustained and will sustain substantial injury, loss, and damage.  These infringing activities entitle HUJ to recover three times the amount of its actual damages and Einstein Cosmetics' profits, together with its attorney's fees and costs.

35.    Further, HUJ is entitled to a permanent injunction to prevent future violations of 15 U.S.C. § 1114(1).

36.    In addition, HUJ is entitled to seizure and return of all infringing merchandise that is being advertised, sold, or offered for sale by Einstein Cosmetics in violation of 15 U.S.C. § 1114(1).

## SECOND CAUSE OF ACTION

## FALSE ENDORSEMENT

## (15 U.S.C. §1125(a))

37.    HUJ repeats and realleges each and every allegation contained in paragraphs 1-29 and 31-36 as if fully set forth herein.

38.    Upon information and belief, Einstein Cosmetics has used marks confusingly similar to HUJ's trademarks in connection with the promotion and sale of goods in commerce and such use has misled and deceived, and will continue to mislead and deceive, the public into believing that Einstein Cosmetics and their commercial activities are in some way endorsed, sanctioned by, or otherwise affiliated with HUJ, in violation of Lanham Act § 43(a), 15 U.S.C. § 1125.

39.    By reason of Einstein Cosmetics' violation of 15 U.S.C. § 1125, HUJ has sustained and will sustain substantial injury, loss, and damage.  Einstein Cosmetics' activities entitle HUJ to recover its actual damages and Einstein Cosmetics' profits in an amount to be proven at trial, together with HUJ's attorney's fees and costs.

Arent Fox LLP
Attorneys At Law
Los Angeles

TECH/585541.1

- 14 -

ANSWER TO 2ND AMENDED COMPL.
CV-07-2171 MMM (SSX)

40.    Further, HUJ is entitled to a permanent injunction to prevent future violations of 15 U.S.C. § 1125.

## THIRD CAUSE OF ACTION
## FEDERAL UNFAIR COMPETITION
## (15 U.S.C. § 1125(a))

41.    HUJ repeats and realleges each and every allegation contained in paragraphs 1-29, 31-36 and 38-40 as if fully set forth herein.

42.    Upon information and belief, Einstein Cosmetics has used marks confusingly similar to HUJ's trademarks in connection with the promotion and sale of goods in commerce.  Einstein Cosmetics' actions have been purposely directed at undercutting and decreasing HUJ's legitimate business interests and constitute unfair competition in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

43.    By reason of Einstein Cosmetics' violation of 15 U.S.C. § 1125(a), HUJ has sustained and will sustain substantial injury, loss, and damage.  Einstein Cosmetics' activities entitle HUJ to recover its actual damages and Einstein Cosmetics' profits in an amount to be proven at trial, together with HUJ's attorney's fees and costs.

44.    Further, HUJ is entitled to a permanent injunction to prevent future violations of 15 U.S.C. § 1125.

## FOURTH CAUSE OF ACTION
## STATE UNFAIR COMPETITION LAW

45.    HUJ repeats and realleges each and every allegation contained in paragraphs 1-29, 31-36, 38-40, and 42-44 as if fully set forth herein.

46.    The wrongful acts of Einstein Cosmetics as alleged above, constitute unfair competition in violation of California Business and Professions Code §§ 17200 *et seq.* in the following respects:

    a.    Einstein Cosmetics' acts violate 15 U.S.C. §§ 1114(1) & 1125(a), California Code of Civil Procedure § 3344.1, and California

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 15 -

ANSWER TO 2ND AMENDED COMPL.
CV-07-2171 MMM (SSX)

TECH/585541.1

common law regarding rights of publicity, and consequently, constitute unlawful business acts or practices within the meaning of Cal. Bus. & Prof. Code § 17200;

b.    Einstein Cosmetics' conduct constitutes unfair business acts or practices within the meaning of Cal. Bus. & Prof. Code § 17200;

c.    Einstein Cosmetics' actions are likely to mislead the general public and, consequently, constitute fraudulent business acts or practices within the meaning of Cal. Bus. & Prof. Code § 17200; and

47.    By reason of Einstein Cosmetics' misconduct, Einstein Cosmetics has been unjustly enriched at the expense of HUJ in a substantial sum, and HUJ is entitled to the restitution of said sum, which is as yet unknown to HUJ.  In addition, HUJ is entitled to disgorgement of Einstein Cosmetics' ill-gotten gains in order to prevent further acts of unfair competition.

48.    Because Einstein Cosmetics' unlawful business practices violate California Code of Civil Procedure § 3344.1, HUJ is also entitled to recover its attorneys' fees and costs as provided for by California Code of Civil Procedure § 3344.1.

49.    The aforesaid acts of Einstein Cosmetics have caused and, unless restrained by the Court, will continue to cause great and irreparable injury to HUJ. Moreover, there is the likelihood that the consuming public is and will be deceived by Einstein Cosmetics' false and misleading activities.  HUJ's remedy at law is not adequate to compensate for the injuries threatened.

50.    By reason of the foregoing, HUJ is entitled to injunctive relief pursuant to Cal. Bus. & Prof. Code §§ 17200 *et seq.*

### FIFTH CAUSE OF ACTION

### DILUTION UNDER THE LANHAM ACT

### (15 U.S.C. § 1125(c))

51.    HUJ repeats and realleges each and every allegation contained in

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 16 -

ANSWER TO 2ND AMENDED COMPL.
CV-07-2171 MMM (SSX)

TECH/585541.1

paragraphs 1-29, 31-36, 38-40, 42-44 and 46-50 as if fully set forth herein.

52.    The unlicensed use by Einstein Cosmetics of HUJ's Einstein marks dilutes HUJ's rights in and to its marks.  Einstein Cosmetics will continue such acts of dilution unless enjoined by this Court.  HUJ has no adequate remedy at law and is entitled to injunctive relief pursuant to 15 U.S.C. §1125(c) against further acts of trademark dilution committed by Einstein Cosmetics.

**SIXTH CAUSE OF ACTION**

**DILUTION UNDER STATE LAW**

53.    HUJ repeats and realleges each and every allegation contained in paragraphs 1-29, 31-36, 38-40, 42-44, 46-50 and 52 as if fully set forth herein.

54.    The unlicensed use by Einstein Cosmetics of HUJ's Einstein marks, which marks are famous and distinctive, is likely to cause dilution of HUJ's rights in and to its marks.  Einstein Cosmetics will continue such acts of dilution unless enjoined by this Court.  HUJ has no adequate remedy at law and is entitled to injunctive relief pursuant to California Business and Professions Code §14247 against further acts of trademark dilution committed by Einstein Cosmetics.

**SEVENTH CAUSE OF ACTION**

**RIGHT OF PUBLICITY OF DECEASED PERSONALITY**

**(CALIFORNIA CIVIL CODE § 3344.1)**

55.    HUJ repeats and realleges each and every allegation contained in paragraphs 1-29, 31-36, 38-40, 42-44, 46-50, 52 and 54 as if fully set forth herein.

56.    Einstein Cosmetics' use of the mark EINSTEIN on lip balms and lip creams constitutes an unauthorized use of the identity of Albert Einstein for the purposes of advertising or selling goods and/or services in violation of California Civil Code § 3344.1.

57.    As a direct and proximate result of Einstein Cosmetics' actions, Einstein Cosmetics has wrongfully profited and HUJ, as owner of the Einstein Rights, has suffered damages in an amount to be proven at trial.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 17 -

ANSWER TO 2ND AMENDED COMPL.
CV-07-2171 MMM (SSX)

TECH/585541.1

58.    HUJ has no adequate remedy at law to prevent Einstein Cosmetics from continuing to wrongfully violate these rights.  Unless an injunction is granted, Einstein Cosmetics will continue to violate these rights thereby causing irreparable injury and damage to HUJ.

### EIGHTH CAUSE OF ACTION

### VIOLATION OF COMMON LAW RIGHT OF PUBLICITY

59.    HUJ repeats and realleges each and every allegation contained in paragraphs 1-29, 31-36, 38-40, 42-44, 46-50, 52, 54 and 56-58 as if fully set forth herein.

60.    Einstein Cosmetics' use of the mark EINSTEIN on lip balms and lip creams constitutes an unauthorized use of the identity of Albert Einstein for the purposes of advertising or selling goods and/or services in violation of the common law right of publicity of numerous states including New Jersey.

61.    As a direct and proximate result of Einstein Cosmetics' actions, Einstein Cosmetics has wrongfully profited and HUJ, as owner of the publicity rights of Albert Einstein, has suffered damages in an amount to be proven at trial.

62.    HUJ has no adequate remedy at law to prevent Einstein Cosmetics from continuing to wrongfully violate these rights.  Unless an injunction is granted, Einstein Cosmetics will continue to violate these rights thereby causing irreparable injury and damage to HUJ.

**WHEREFORE**, Hebrew University of Jerusalem requests:

1.    That the Second Amended Complaint, as it pertains to HUJ, be dismissed with prejudice in its entirety;

2.    For a preliminary and permanent injunction enjoining Einstein Cosmetics, and each of them, and all persons acting in concert or participation with Einstein Cosmetics, from:

a.    committing any further acts of trademark infringement and unfair competition;

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/585541.1

- 18 -

ANSWER TO 2ND AMENDED COMPL.
CV-07-2171 MMM (SSX)

b.      using any word in a trademark fashion that is confusingly similar to  HUJ's Einstein marks;

c.      causing a likelihood of confusion, deception, or mistake as to the source or origin of Einstein Cosmetics' or HUJ's goods, or as to any affiliation or connection between Einstein Cosmetics and HUJ, or as to any sponsorship;

3.      For a money judgment in the amount of HUJ's compensatory damages to include, without limitation, all gains, profits, benefits and advantages derived by Einstein Cosmetics, and each of them, from their wrongful acts;

4.      For treble damages against Einstein Cosmetics and each of them;

5.      For all costs and attorney's fees incurred in this action;

6.      For an order requiring Einstein Cosmetics to file an express withdrawal of its federal trademark application, U.S. Ser. No. 78/844,895, and to refrain from seeking any other trademark registration incorporating the term EINSTEIN;

7.      For an order to the United States Patent and Trademark Office to cancel or refuse registration of that federal trademark application U.S. Ser. No. 78/844,895 filed by Einstein Cosmetics, Ltd.; and

8.      Any other relief this Court deems just and proper.

Dated:  March __, 2008                Respectfully submitted,

                                      ARENT FOX LLP


                                      By: /S/ Antoinette Waller
                                      ANTOINETTE WALLER
                                      RANDALL A. BRATER

                                      Attorneys for Defendant THE HEBREW
                                      UNIVERSITY OF JERUSALEM

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/585541.1

ANSWER TO 2ND AMENDED COMPL.
CV-07-2171 MMM (SSX)

## DEMAND FOR JURY TRIAL

Defendant The Hebrew University of Jerusalem hereby demands a trial by jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure and by the Local Rules of this Court.

Dated:  March __, 2008

Respectfully submitted,

ARENT FOX LLP


By: /S/ Antoinette Waller
    ANTOINETTE WALLER
    RANDALL A. BRATER

    Attorneys for Defendant THE HEBREW UNIVERSITY OF JERUSALEM

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 20 -

ANSWER TO 2ND AMENDED COMPL.
CV-07-2171 MMM (SSX)

TECH/585541.1