Daniel M. Cislo, Esq., No. 125,378
Kelly W. Cunningham, Esq., No. 186,229
CISLO & THOMAS LLP
1333 2nd Street, Suite 500
Santa Monica, California 90401-4110
Telephone: (310) 451-0647
Telefax: (310) 394-4477
Email:   dancislo@cislo.com
         kcunningham@cislo.com

Attorneys for Plaintiffs
BENJAMIN EINSTEIN and
EINSTEIN COSMETICS LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN EINSTEIN, etc., et al., | CASE NO. CV 07-2171 MMM (SSx) |
| Plaintiffs, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| BABY EINSTEIN COMPANY LLC, etc., et al., | |
| Defendants. | |
| AND RELATED COUNTERCLAIM. | |

All future discovery filings shall
include the following language
on the cover page:
"[Referred to Magistrate Judge
Suzanne H. Segal]"

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED by and among the undersigned parties, plaintiffs and counter-defendants Benjamin Einstein and Einstein Cosmetics LLC, defendant The Baby Einstein Company, LLC and defendant and counter-claimant The Hebrew University of Jerusalem as follows:

### 1.    Purposes and Limitations

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Local Rule 79-5.1 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

### 2.    Definitions

2.1    Party: Plaintiffs and counter-defendants Benjamin Einstein and Einstein Cosmetics LLC, defendant The Baby Einstein Company, LLC and defendant and counter-claimant The Hebrew University of Jerusalem, including all of their officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff). Plaintiff and counter-defendant Einstein Cosmetics Ltd. is specifically excluded from this Stipulated Protective Order.

2

2.2 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 <u>Confidential Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed.R.Civ.P. 26(c).

2.4 <u>Confidential – Attorneys' Eyes Only Information or Items</u>: extremely sensitive Confidential Information or Items whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7 <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Confidential - Attorneys' Eyes Only."

2.8 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Confidential – Attorneys' Eyes Only."

2.9. <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10 <u>House Counsel</u>:  attorneys who are employees of a Party.

2.11 <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as

an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.   **Scope**

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.   **Duration**

This Order shall survive the final conclusion of this litigation and continue in full force and effect, and the Court shall retain jurisdiction to enforce this Order.

5.   **Designating Protected Material**

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material,

1   documents, items, or communications for which protection is not warranted are not
2   swept unjustifiably within the ambit of this Order.
3        Mass, indiscriminate, or routinized designations are prohibited. Designations
4   that are shown to be clearly unjustified, or that have been made for an improper
5   purpose (e.g., to unnecessarily encumber or retard the case development process, or
6   to impose unnecessary expenses and burdens on other parties), expose the
7   Designating Party to sanctions.
8        If it comes to a Party's or a non-party's attention that information or items
9   that it designated for protection do not qualify for protection at all, or do not qualify
10  for the level of protection initially asserted, that Party or non-party must promptly
11  notify all other parties that it is withdrawing the mistaken designation.
12       5.2   Manner and Timing of Designations. Except as otherwise provided in
13  this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise
14  stipulated or ordered, material that qualifies for protection under this Order must be
15  clearly so designated before the material is disclosed or produced.
16       Designation in conformity with this Order requires:
17       (a)   for information in documentary form (apart from transcripts of
18  depositions or other pretrial or trial proceedings), that the Producing Party affix the
19  legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES
20  ONLY" on each page that contains Protected Material. If only a portion or portions
21  of the material on a page qualifies for protection, the Producing Party also must
22  clearly identify the protected portion(s) (e.g., by making appropriate markings in
23  the margins) and must specify, for each portion, the level of protection being
24  asserted (either "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS'
25  EYES ONLY").
26       A Party or non-party that makes original documents or materials
27  available for inspection need not designate them for protection until after the
28  inspecting Party has indicated which material it would like copied and produced,

1    except that a Party or non-party may designate appropriate material as either

2    "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" prior

3    to the inspection to protect such material from disclosure inconsistent with this

4    Protective Order.  After the inspecting Party has identified the documents it wants

5    copied and produced, the Producing Party must determine which documents, or

6    portions thereof, qualify for protection under this Order, then, before producing the

7    specified documents, the Producing Party must affix the appropriate legend

8    ("CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY") on

9    each page that contains Protected Material.  If only a portion or portions of the

10   material on a page qualifies for protection, the Producing Party also must clearly

11   identify the protected portion(s) (e.g., by making appropriate markings in the

12   margins) and must specify, for each portion, the level of protection being asserted

13   (either "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES

14   ONLY").

15           (b)    A    Party    may    designate    as    "CONFIDENTIAL"    or

16   "CONFIDENTIAL - ATTORNEYS' EYES ONLY", the whole or a portion of any

17   deposition testimony, regardless by whom given, which contains or discloses

18   CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY material.

19   The Party designating any portion of a deposition as Confidential or Confidential –

20   Attorneys' Eyes Only may do so on the record at the deposition or shall serve a

21   written statement on the Parties and court reporter specifying the portions of the

22   deposition which are to be designated as Confidential or Confidential – Attorneys'

23   Eyes Only within thirty (30) calendar days of receipt of the deposition transcript,

24   which statement shall be inserted at the end of the transcript and each copy thereof,

25   and the face page of such transcript and each copy thereof shall be marked with a

26   legend indicating that CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS'

27   EYES ONLY materials or disclosures are contained therein.  Unless otherwise

28   agreed, depositions shall be treated as "Confidential – Attorneys' Eyes Only"

1   during the thirty (30) day period following receipt of the deposition transcript. Any
2   portion of the deposition testimony not so designated at the deposition or within
3   thirty (30) calendar days of receipt of the deposition transcript shall not be entitled
4   to the protections given to Confidential or Confidential – Attorneys' Eyes Only
5   material under this Order. If a document designated as Confidential or Confidential
6   – Attorneys' Eyes Only is used as an exhibit at a deposition, that document and the
7   deposition testimony concerning it shall be deemed Confidential or Confidential –
8   Attorneys' Eyes Only in the same manner as the exhibit. The deposition of any
9   witness (or any portion of such deposition) that encompasses Confidential or
10  Confidential – Attorneys' Eyes Only information shall be taken only in the
11  presence of persons who are qualified under this Order to have access to such
12  information.    If there are any disputes about the designation of deposition
13  testimony, counsel shall meet and confer in good faith and, thereafter, if they are
14  unable to resolve the dispute, file a motion with the Court to adjudicate the issue(s).
15          (c)    for information produced in some form other than documentary,
16  and for any other tangible items, that the Producing Party affix in a prominent place
17  on the exterior of the container or containers in which the information or item is
18  stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS'
19  EYES ONLY." If only portions of the information or item warrant protection, the
20  Producing Party, to the extent practicable, shall identify the protected portions,
21  specifying whether they qualify as "CONFIDENTIAL" or as "CONFIDENTIAL –
22  ATTORNEYS' EYES ONLY."
23          5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent
24  failure to designate qualified information or items as "CONFIDENTIAL" or
25  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone,
26  waive the Designating Party's right to secure protection under this Order for such
27  material.    If material is appropriately designated as "CONFIDENTIAL" or
28  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the material was initially

produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.      Challenging Confidentiality Designations**

Confidentiality designations may be challenged in accordance with the procedures set forth in Civil Local Rule 37 (and in compliance with Civil Local Rule 79-5.1, if applicable).

**7.      Access To and Use of Protected Material**

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case solely for the purpose of prosecuting, defending, or attempting to settle this litigation.   Any other use is prohibited.   No person receiving Protected Material shall, directly or indirectly, transfer, disclose, or communicate in any way the documents or their contents to any person other than those qualified under this Order to have access to such information. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose

the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) the author of the document or the original source of the information.

7.3    Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be

Bound by Protective Order" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; and

(e) the author of the document or the original source of the information.

**8.   Protected Material Subpoenaed or Ordered Produced in Other Litigation**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a

1  Receiving Party in this action to disobey a lawful directive from another court.

2

3  **9.  Unauthorized Disclosure of Protected Material**

4  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

5  Protected Material to any person or in any circumstance not authorized under this

6  Stipulated Protective Order, the Receiving Party must immediately (a) notify in

7  writing the Designating Party of the unauthorized disclosures, (b) use its best

8  efforts to retrieve all copies of the Protected Material, (c) inform the person or

9  persons to whom unauthorized disclosures were made of all the terms of this Order,

10  and (d) request such person or persons to execute the "Acknowledgment and

11  Agreement to Be Bound" that is attached hereto as Exhibit A.

12  Nothing herein shall impose any restrictions on the use or disclosure by a

13  Party of material obtained by such Party independent of discovery in this action,

14  whether or not such material is also obtained through discovery in this action, or

15  from disclosing its own confidential material as it deems appropriate.

16

17  **10.  No Admissions or Waiver**

18  This Order is entered solely for the purpose of facilitating the exchange of

19  documents and information between the parties to this stipulation without involving

20  the Court unnecessarily in the process.  Nothing in this Order nor the production of

21  any information or document under the terms of this Order nor any proceedings

22  pursuant to this Order shall be deemed to have the effect of an admission or waiver

23  by any Party hereto or of altering the confidentiality or non-confidentiality of any

24  such document or information or altering any existing obligation of any Party

25  hereto or the absence thereof.  Nothing in this Order shall be deemed a waiver of

26  any privilege regarding production or non-production of information.

27

28  **11.  Filing Protected Material**

11

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.1.

## 12.   Final Disposition

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party or provide a written certification within the sixty day period that all of the Protected Material has been destroyed. Each Outside Counsel, however, is entitled to maintain one (1) archival copy of all pleadings, motion papers, correspondence with opposing counsel, or its own attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or reference Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.

## 13.   Non-Party Protected Material

Should the Parties in this case issue any subpoenas to non-parties, the Parties agree that any non-parties served with a subpoena may designate as Protected Material any appropriate materials responsive to such a subpoena, and further, the Parties may notify any non-party served with a subpoena in this case of this Protective Order.

Furthermore, the Parties recognize that there may be produced Protected

Material originating with a non-party as to which there exists an obligation of confidentiality. Such material that a Party reasonably and in good faith believes is subject to a confidentiality obligation may be designated as Protected Material as set out herein and shall be subject to the restrictions on disclosures specified in this Order if so designated.

## 14.   Miscellaneous

13.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3   Nothing herein affects, in any way, the admissibility of any document, testimony, or other evidence at trial or restricts the use of information obtained from investigations, interviews or other sources other than via the discovery process, motion practice or voluntary disclosure of information by any Party conducted under the terms of this Protective Order. The court will determine, in its sole discretion, how documents designated as "CONFIDENTIAL'" will be treated during the trial of this action.

13.4   This Protective Order shall bind the Parties from the date of execution hereon, prior to and in the absence of entry of this Protective Order by the Court.

13.5   The Court retains jurisdiction to make such orders as are appropriate concerning this Protective Order and Confidential Information.

13.6   The Parties retain the right to agree to or seek to modify this Protective Order.

IT IS SO STIPULATED.

CISLO & THOMAS LLP                              ARENT FOX LLP

By: _____          By: _____
    Daniel M. Cislo, Esq.                        Anthony V. Lupo, Esq.
    Kelly W. Cunningham, Esq.                     Antoinette Waller, Esq.

Attorneys for Plaintiffs and Counter-           Attorney for Defendant THE BABY
Defendants BENJAMIN EINSTEIN;                   EINSTEIN COMPANY LLC and
and EINSTEIN COSMETICS LLC.                      Defendant and Counter-Claimant The
                                                 HEBREW UNIVERSITY OF
                                                 JERUSALEM

Dated: January 30, 2009

                                                 Dated: January 27, 2009


IT IS SO ORDERED.

DATED: 2/2/09

_____
UNITED STATES MAGISTRATE JUDGE


All future discovery filings shall
include the following language
on the cover page:
"[Referred to Magistrate Judge
Suzanne H. Segal]"

14

## EXHIBIT A
## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, have read and fully understand the Stipulated Protective Order (the "Protective Order") in the case entitled, *Benjamin Einstein, et al. v. The Baby Einstein Company LLC, et al.*, United States District Court for the Central District of California Case No. CV 07-2171 MMM (SSx) (the "Lawsuit"). I agree to comply with and be bound by the Protective Order and by such other orders as the Court may make regarding discovery of Confidential Information, as defined in the Protective Order. I agree that I will not disclose, either directly or indirectly, any Confidential Information, as defined in the Protective Order, or the contents thereof, to any person or in any manner not specifically authorized by the Protective Order. I agree that I will not copy or use any Confidential Information except solely for the purposes of the Lawsuit and I will return any Confidential Information and all copies thereof within sixty (60) days of the termination or the final disposition of the Lawsuit as set forth in the Protective Order. I agree that I will not distribute copies of, or provide access to, any Confidential Information to any person, either directly or indirectly, except as set forth in the Protective Order. I hereby consent to the jurisdiction of this Court for the purposes of enforcing this Protective Order.

Printed name: _____

Signature: _____          Date: _____

City and State where signed: _____