1

2

3

4

5

6

7

8        **UNITED STATES DISTRICT COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  BENJAMIN EINSTEIN, et al., | Case No.  CV-07-02171 MMM (SSx) |
| 12             Plaintiff, | |
| 13       v. | |
| 14  THE BABY EINSTEIN COMPANY LLC, et al., | **[PROPOSED] CONSENT JUDGMENT** |
| 15             Defendants. | |
| 16 | |
| 17  THE HEBREW UNIVERSITY OF JERUSALEM | |
| 18             Counterclaimant, | |
| 19       v. | |
| 20  BENJAMIN EINSTEIN, an individual; EINSTEIN COSMETICS LLC, a California limited liability company; EINSTEIN COSMETICS, LTD., a California corporation, | |
| 21 | |
| 22 | |
| 23             Counter-defendants. | |
| 24 | |

25          Upon review of the record in this case, and upon stipulation of plaintiff and

26   counter-defendant Einstein Cosmetics, LLC ("EC, LLC"), a California limited

27   liability company and Benjamin Einstein, an individual (collectively "EC"), on the

28   one hand, and defendant and counterclaimant The Hebrew University of Jerusalem

("HUJ"), on the other hand, by and through their attorneys of record in this action, the Court hereby finds the following:

A.      This case arises under the Trademark Act of 1946, 15 U.S.C. Section 1051, *et seq.*  Plaintiff and counter-defendant Einstein Cosmetics, LLC ("EC, LLC"), a California limited liability company, plaintiff and counter-defendant Benjamin Einstein, an individual, and defaulted plaintiff and counter-defendant Einstein Cosmetics, Ltd. ("EC, Ltd.") a suspended corporation (EC, LLC, Benjamin Einstein and EC, Ltd. collectively referenced as "Plaintiffs") initiated this action in or about April 2007 (the "Action") relating to use of the terms BABY EINSTEIN and/or LITTLE EINSTEINS that Plaintiffs contend infringe a trademark held by Plaintiffs and further seeking, among other things, damages, injunctive relief and declaratory judgment that (1) Plaintiffs do not infringe any trademark owned or licensed by either defendant The Baby Einstein Company LLC ("BEC") or defendant and counterclaimant The Hebrew University of Jerusalem ("HUJ"), a not-for-profit corporation organized and existing under the laws of Israel (BEC and HUJ collectively referenced as "Defendants"); and (2) Plaintiffs do not invade any right of publicity of HUJ.

B.      In or about March 2008, HUJ appeared in the Action, denied all claims made by Plaintiffs and commenced counterclaims against Plaintiffs for Plaintiffs', and each of their, infringement ("Counterclaims") relating to use of the term EINSTEIN in a manner that infringes certain of HUJ's EINSTEIN and EINSTEIN formative marks (hereinafter "Einstein Marks") and violates HUJ's right of publicity in the name and likeness of Albert Einstein.

C.      This Court has federal question jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and 1338(a) as the case arises under the Trademark Act of 1946, 15 U.S.C. Section 1051, *et seq.*  Additionally, this Court has original and pendent jurisdiction pursuant to 28 U.S.C. 1338(b) and 1367 over the related

CONSENT JUDGMENT
CV-07-2171 MMM (SSX)

state law claims.  The Court also has jurisdiction over Plaintiffs' declaratory judgment claims pursuant to 28 U.S.C. § 2201.

   D. HUJ owns numerous EINSTEIN and EINSTEIN formative marks (hereinafter "Einstein Marks"), including common law trademarks and numerous registered marks.  Some of the Registrations and Applications that Hebrew University owns include: EINSTEIN (App. Ser. No. 78/273219, with a filing date of July 11, 2003) covering goods and services in Classes 9, 14, 16, 18, 20, 21, 25, 28, and 41); ALBERT EINSTEIN (App. Ser. No. 78/273213, with a filing date of July 11, 2003) covering goods and services in Classes 9 and 41); ALBERT EINSTEIN (App. Ser. No. 78/273219 covering goods and services in Classes 9, 14, 16, 18, 20, 21, 25, 28, and 41); EINSTEIN (Reg. No 1479104, with a registration date of March 1, 1988) covering class 42); EINSTEIN (Reg. No 288930 with a registration date of September 28, 2004) covering Class 7); and THE ULTIMATE EINSTEIN (Reg. No. 259980 with a registration date of July 30, 2002) covering Class 9.  BEC is one of HUJ's licensees and owns an exclusive license from HUJ to use the trademarks BABY EINSTEIN and LITTLE EINSTEINS, including the right to use and register those marks generally for goods and services directed to children, which include videos, CDs, discovery cards, books, toys, clothing, baby gear and personal care products.  BEC's marks include, among others, BABY EINSTEIN (Reg. No. 2468882 with a registration date of July 17, 2001) covering Class 25; BABY EINSTEIN (Reg. No. 3437711, with a registration date of May 27, 2008 and a priority date of April 7, 2005, the filing application date for the mark) and LITTLE EINSTEINS (App. No. 78/680089 with a filing date of July 27, 2005) both Class 3.

   E. Albert Einstein was a German-born theoretical physicist who is best known for his scientific theories including, but not limited to, his theory of relativity and unified field theory.  Dr. Einstein was the author of over fifty

scientific papers as well as number of non-scientific books; he was also the 1921 winner of the Nobel Prize in Physics.  Due to Dr. Einstein's success in his various endeavors, both scientific and non-scientific, he became respected, well-known, and famous.

F.     Albert Einstein, through transfer in his last will and testament, transferred all right, title and interest in any publicity rights in his name and likeness, service marks, and trademarks to HUJ and HUJ is the owner of all right, title and interest in, to and of the intellectual property rights of Dr. Albert Einstein (the "Einstein Rights"), including the publicity rights in his name and likeness, service marks and trademarks.  Albert Einstein is also known, and commonly referred to as EINSTEIN.

G.     HUJ has objected to Plaintiffs' and each of their, attempts to trade off the EINSTEIN name and publicity rights and violation of HUJ's Einstein Rights and HUJ has further objected to Plaintiffs' and each of their, infringement of one or more of HUJ's Einstein Marks.

After review of the record herein, and upon stipulation by EC, LLC and Benjamin Einstein on the one hand, and HUJ, on the other hand, the Court HEREBY ORDERS, ADJUDGES AND DECREES:

1.     HUJ's Einstein Marks and Einstein Rights are valid and enforceable.

2.     Plaintiffs have used the term EINSTEIN as a trademark for the sale of lip balm and lip cream in such a way as will likely cause confusion or mistake, or will likely deceive the public into believing that Plaintiffs' products are affiliated with or approved by HUJ.

3.     Plaintiffs have attempted to associate their marks and products with Albert Einstein and to trade off the goodwill and publicity rights of Albert Einstein by, *inter alia*, representing that Plaintiffs' lip balm is the "smarter way" to care for lips, from the "ingenious" mind of counter-defendant Benjamin Einstein and that

Einstein Cosmetics' lip products present a "revolutionary and intelligent" method of lip care.  These representations appear, for example, on Einstein Cosmetics' website addresses at einstein-beauty.com and liptheory.com.

4.   HUJ has priority over Plaintiffs in Plaintiffs' use of the EINSTEIN mark.

5.   Plaintiffs adopted, marketed and sold their lip balm and lip cream products without ever seeking or obtaining HUJ's consent or authorization for such use.

6.   Without HUJ's consent, Plaintiffs have engaged in the unauthorized use in commerce of marks the same as or confusingly similar to HUJ's Einstein Marks in connection with the sale, offering for sale, distribution or advertising of related goods and services.

7.   Concurrent with execution of this consent judgment, EC, LLC and HUJ will enter into a separate license agreement ("License Agreement") the terms of which are confidential and have been negotiated by the parties.  Except insofar as may be permitted within the terms and scope of the License Agreement, Plaintiffs, and each of them, their partners, officers, directors, agents, servants, employees, suppliers, subsidiaries, divisions, affiliated companies, attorneys, successors and assigns, and all persons in active concert or participation with any of them are permanently enjoined and restrained from:

(a)   Using in any manner the Einstein Marks or the Einstein Rights, alone or in combination with any other word or words, or using any other words or symbols which so resemble any of said marks and names as to be likely to cause confusion, deception or mistake, on or in connection with the advertising, offering for sale or sale of any product;

CONSENT JUDGMENT
CV-07-2171 MMM (SSX)

(b)     Attempting to or passing-off, inducing or enabling others to sell or pass-off any product or service as a product or service affiliated with or sponsored by HUJ, which product is not approved by HUJ for sale;

(c)     Committing any acts calculated or intended to cause purchasers to believe falsely that any of Plaintiffs' unauthorized products or services are associated with, sponsored by, approved by, guaranteed by, connected with or produced under the control and supervision or within the authority of HUJ;

(d)     Diluting and infringing the rights of HUJ in and to the Einstein Marks or Einstein Rights or otherwise damaging HUJ's goodwill and business reputation.

8.     In accordance with the Settlement Agreement of the parties, Plaintiffs shall dismiss the Action with prejudice and shall dismiss Opposition No. 91170379 with prejudice as to U.S. Trademark Application 78/680,089 for LITTLE EINSTEINS pending before the Trademark Trial and Appeal Board of the United States Patent and Trademark Office

9.     The Court expressly determines that there is no just reason for delay in entering this Judgment and, pursuant to Federal Rule of Civil Procedure 54(b), the Court enters this Judgment.

**<u>IT IS SO ORDERED AND DECREED:</u>**

Dated:  April 29, 2009

_____
Hon. Margaret M. Morrow
United States District Judge

- 6 -

CONSENT JUDGMENT
CV-07-2171 MMM (SSX)